UNITED STATES of America

v.

EQUITABLE TRUST COMPANY.

FIDELITY FEDERAL SAVINGS & LOAN ASSOCIATION

v.

UNITED STATES of America DEPARTMENT OF the TREASURY–INTERNAL REVENUE SERVICE and Norlene Hurwitz.

Civ. Nos. M–81–704, M–81–725.

United States District Court, D. Maryland.

Oct. 22, 1981.

J. Frederick Motz, U. S. Atty., D. Md., David Dart Queen, Asst. U. S. Atty., Baltimore, Md., and Mitchell R. Berger, Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff in No. M–81–704.

John S. Hebb, III and Timothy L. Mullin, Jr., Baltimore, Md., for defendant in No. M–81–704.

William B. Rafferty, Thomas J. Kwiatkowski, Jr. and Miles & Stockbridge, Baltimore, Md., for plaintiff in No. M–81–725.

J. Frederick Motz, U. S. Atty. D. Md., D. Christopher Ohly, Asst. U. S. Atty., Baltimore, Md., and Mitchell R. Berger, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant United States of America in No. M–81–725.

Marvin H. Schein, Baltimore, Md., for defendant Norlene Hurwitz in No. M–81–725.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

In each of the above cases, the United States has moved to compel state financial institutions to produce documents relating to customer accounts. Rule 37(a), Fed.R. Civ.P. Although the subject matter of each lawsuit is dissimilar, so as to militate against consolidation, Rule 42(a), Fed.R. Civ.P., the discovery question presented in each case is identical. Accordingly, the court will address that question in a single Memorandum and Order, which will be applicable to both cases.

Having reviewed the parties' memoranda, and finding no dispute as to either the facts or the legal principles to be applied, the court concludes that no hearing is necessary. Local Rule 6(E).

### I. *Overview*

In Civil No. M–81–704, the United States is seeking a money judgment against the Equitable Trust Company (Equitable), pursuant to I.R.C. § 6332(c)(1), for failure to honor an Internal Revenue Service levy. According to the Government, the levy was made on the proceeds of a joint checking account, maintained with Equitable by Douglas R. Cranston and Melody L. McManus to satisfy, in part, Cranston's tax liabilities. Equitable has refused to honor the levy on the ground that the account does not constitute property or property rights subject to levy under I.R.C. § 6331.

During discovery, the Government served Equitable with a document request, Rule 34, Fed.R.Civ.P., demanding production of all documents maintained by Equitable pertaining to the joint checking account at issue. The Government also served both Cranston and McManus with a copy of the request, as well as a formal written request regarding disclosure, pursuant to the Right to Financial Privacy Act of 1978 (RFPA), 12 U.S.C. §§ 3402(5), 3408. Among other things, the customers were informed of their right to initiate a customer challenge proceeding to prevent Equitable from disclosing the documents sought. 12 U.S.C. § 3410. The Government has also filed a certificate of compliance with the RFPA. 12 U.S.C. § 3403(b).

Although neither Cranston nor McManus initiated a customer challenge within the time allowed by the RFPA, 12 U.S.C. § 3410(a), Equitable objected to producing the financial records on the ground that the Government had not complied with the Maryland Confidential Financial Records Act (CFRA), *Md.Fin.Inst.Code Ann.* §§ 1–301 to 1–305 (1980 & 1980 Supp.).

In Civil No. M–81–725, Fidelity Federal Savings and Loan Association (Fidelity), commenced an interpleader action in the Circuit Court for Baltimore County to resolve conflicting claims to the proceeds of a joint savings account. The competing claimants are Norlene Hurwitz, one of the joint tenants named on the account, and the United States, which served a tax levy on the account to secure partial payment of the tax liabilities of Bernice Hurwitz, the other joint tenant. It appears that Bernice Hurwitz was not named as a defendant in the interpleader action because she has not demanded from Fidelity payment of the account's proceeds. The interpleader action was removed to this court by the United States. 28 U.S.C. § 1442.

As part of the discovery in the case, the Government served both Fidelity and Norlene Hurwitz with requests to produce documents relating to the joint savings account. Rule 34, Fed.R.Civ.P. The Government also served Bernice Hurwitz with a copy of those requests, as well as a formal written request, pursuant to RFPA, 12 U.S.C. §§ 3402(5), 3408. The Government also filed a certificate of compliance with the RFPA, 12 U.S.C. § 3403(b).

Bernice Hurwitz did initiate a customer challenge, 12 U.S.C. § 3410, on July 23, 1981. Her challenge, however, related to records maintained by the Union Trust Company of Maryland, rather than those under the control of Fidelity. Accordingly,

on August 6, 1981, the Chambers Judge denied her challenge for lack of a justiciable controversy.

At the August 11, 1981, deposition of Norlene Hurwitz, her counsel represented to the Government that she did not have possession or control over any of the documents sought by the Rule 34 request. Fidelity objected to producing the documents, however, on the ground that the Government had not complied with the Maryland CFRA, *Md.Fin.Inst. Code Ann.* §§ 1–301 to 1–305 (1980 & 1980 Supp.).

## II. *Discussion*

■ It should be noted at the outset that the customers of Equitable and Fidelity do not have an expectation of privacy in their bank records sufficient to warrant protection under the Fourth Amendment. *United States v. Miller*, 425 U.S. 435, 440–43, 96 S.Ct. 1619, 1622–24, 48 L.Ed.2d 71 (1976). Further, the customers have no privilege against disclosure under the Fifth Amendment. *Andresen v. Maryland*, 427 U.S. 463, 470–77, 96 S.Ct. 2737, 2743–46, 49 L.Ed.2d 627 (1976). *See Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

In support of its motion to compel, the Government urges the court to hold that the CFRA is preempted by the RFPA, either because: (1) in enacting the RFPA, Congress occupied the entire field of bank record disclosure; or (2) the CFRA impermissibly burdens or conflicts with the disclosure provisions of the RFPA. *See, e. g., Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978); *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963); *Hines v. Davidowitz*, 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941). According to the Government, it is necessary to reach the preemption question in order to resolve the disputes in the present cases, and to prevent similar disputes in future cases. The court disagrees.

■ The Government's litigation interests in these cases, given their present posture, will be satisfied regardless of the reasons underlying the granting of their Rule 37 motions. Equitable and Fidelity have acknowledged that the information sought by the Government's Rule 34 requests is relevant information within the meaning of Rule 26(b)(1). They have also acknowledged that if the court grants the Government's motion to compel, they will, as they must, turn over to the Government the customer records at issue. Accordingly, should such a court order be entered, not only would the Government's discovery interests be satisfied but the disclosure provisions of the CFRA would be complied with as well.

Section 1–304 of the CFRA provides:

"(a) *'Subpoena' defined.* —In this section, 'subpoena' means a subpoena, summons, warrant, or court order that appears on its face to have been issued on lawful authority.

(b) *Disclosure permitted.* —A fiduciary institution may disclose financial records in compliance with a subpoena, if the subpoena is served on the fiduciary institution and, unless waived by the court for good cause, on the customer."

Since Equitable's and Fidelity's disclosures, pursuant to a discovery order from this court, would be disclosures "in response to a lawful court order," *Suburban Trust Co. v. Waller*, 44 Md.App. 335, 346, 408 A.2d 758 (1979), any "limited privilege" created by the CFRA will not have been violated, and the financial institutions will be protected from any liability under Maryland law otherwise arising out of such disclosures.

With respect to future federal cases requiring the disclosure by a Maryland financial institution of customer records, as well as the instant cases, it appears that the Maryland General Assembly has provided a statutory solution to the problem raised by the Government. Section 1–303 of the CFRA provides:

"This subtitle does not prohibit:

(1) The preparation, examination, handling, or maintenance of financial records by any officer, employee, or agent of a fiduciary institution that has custody of the records;

(2) The examination of financial records by a certified public accountant while engaged by a fiduciary institution to perform an independent audit;

(3) The examination of financial records by or the disclosure of financial records to any officer, employee, or agent of a supervisory agency for use only in the exercise of that person's duties as an officer, employee, or agent;

(4) The publication of information derived from financial records if the information cannot be identified to any particular customer, deposit, or account;

(5) *The making of reports or returns required by federal law;*

(6) The disclosure of any information permitted to be disclosed under those provisions of the Commercial Law Article that relate to the dishonor of a negotiable instrument; or

(7) The exchange, in the regular course of business, of credit information between a fiduciary institution and any other fiduciary institution or commercial enterprise, if made directly or through a consumer reporting agency."

(emphasis supplied).

██ Thus, by its own terms, exemption (5) permits Maryland financial institutions to disclose customer records when required to do so under federal law. That the Maryland legislature contemplated such an interpretation of exemption (5) is evidenced by the Revisor's Note accompanying the CRFA's codification and amendment in 1980, which states:

"This section formerly appeared as Article 11, § 224(b).

In item (5) of this section, the term 'federal law' has been substituted for the reference to 'Chapter 61 of the Internal Revenue Code.' Although, in some instances, this may constitute a substantive change (i. e., where federal law does not preempt local legislation), it appeared to be an appropriate recognition of the dictates of federal law and served to avoid placing a fiduciary institution in the untenable position of having to choose between violating one law or another.

The only other changes have been in style."

*Md.Fin.Inst.Code Ann.* § 1–303, Revisor's Note at 25–26 (1980).

Additional evidence regarding the purpose underlying this language change is found in the Report of the Governor's Commission on Code Revision. It was the Commission that drafted Maryland House of Delegates bill H.1 (1980). That bill was introduced by the Speaker on January 9, 1980, and section 1–303(5) of H. 1 was not amended during the bill's consideration by either branch of the General Assembly.

The Commission commented on section 1–303(5) as follows:

"In § 1–303, reference to federal law has been substituted for a specific reference to a chapter of the Internal Revenue Code to recognize the dictates of federal law and to avoid a problem of conflicts between laws."

Report of the Governor's Commission on Code Revision 8 (1979).

It is plain that the RFPA is the sort of federal law to be accommodated by exemption (5) of section 1–303. Since the Government has complied with the relevant provisions of the RFPA, thereby making mandatory disclosure by the financial institutions of the customer records at issue, such disclosure is not prohibited by the CRFA. Accordingly, these cases present no occasion for determining the status of the CFRA, or any of its parts, under the Supremacy Clause of the federal constitution.

For the reasons set out above, it is this 22nd day of October, 1981, by the United States District Court for the District of Maryland, ORDERED:

1. The motions of the United States to compel discovery in Civil No. M–81–704 and Civil No. M–81–725, are GRANTED.

2. Equitable and Fidelity shall produce the documents sought by the Government's respective motions within twenty (20) days of the date of this Memorandum and Order.

3. The Government is prohibited, pursuant to Rule 26(c), Fed.R.Civ.P., from using the information contained in the documents identified in paragraph 2 above for any purpose other than those directly connected with Civil No. M–81–704 and Civil No. M–81–725, and from disclosing the contents of said documents to the public, except that the Government may use said information in accordance with the provisions of 12 U.S.C. § 3412.